IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| C & J INVESTMENTS, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL CENTER FOR<br>CONSTITUTIONAL STUDIES, et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:09CV359DAK |

　　　　This matter is before the court on Defendant National Center for Constitutional Studies' ("NCCS") Motion to Disqualify Kirton & McConkie as Attorneys for Plaintiff C&J Investments, LLC.  The court does not believe that a hearing would significantly aid in its determination of the present motion.  The court has carefully considered the memoranda and other materials submitted by the parties as well as the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

　　　　Defendant asks the court to disqualify the law firm of Kirton & McConkie ("Kirton") from representation of Plaintiff because an attorney formerly employed by Kirton gave NCCS advice on tax matters in 1987.  The attorney, Robert Lunt, left Kirton in 1998.

　　　　This matter is governed by Rule 1.10(b) of the Utah Rules of Professional Conduct.  Rule 1.10(b) provides as follows:

> (b) when a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
>
> > (b)(1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
> >
> > (b)(2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

Utah Rules of Professional Conduct 1.10(b).

The parties dispute whether the present matter is substantially related to the tax advice provided by Lunt. There is no direct evidence that the matters are substantially related. Nonetheless, even if Lunt's representation was substantially related, there is no evidence that anyone at Kirton has any information regarding NCCS that would be protected by Rules 1.6 and 1.9(c) of the Rules of Professional Conduct.

Lunt's representation of NCCS occurred over twenty years ago. Kirton provided the court with an Affidavit of Robert Lunt stating that he provided pro bono representation to NCCS and that he does not believe that he ever informed any of his colleagues at Kirton of discussions he had with NCCS, its officers, or matters related to NCCS. Kirton represents that only fourteen attorneys presently with the firm were at the firm in 1987. Kirton has no evidence that any of those attorneys or anyone else at the firm were aware of any NCCS representation or received any transmission of knowledge concerning Lunt's NCCS representation. Because Lunt does not recall providing advice on the copyright/license agreement, NCCS questions who may have

given NCCS advice with respect to the agreement. Such speculation, however, does not impute knowledge of NCCS matters to the fourteen attorneys at Kirton who have disavowed any knowledge of NCCS matters.

Also, NCCS argues that Plaintiff would not be prejudiced in obtaining new counsel because this case is in its initial stages. But the dispute between the parties has been in existence since 2006, and Kirton has represented Plaintiff on the matter throughout that time. NCCS has not raised the conflict issue at any time during those three years. Given the facts presented, the court concludes that disqualification of Kirton from its representation of Plaintiff in this case is not warranted.

Based on the above reasoning, Defendant's Motion to Disqualify Kirton & McConkie as Attorneys for Plaintiff C&J Investments, LLC is DENIED.

DATED this 20th day of August, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge